**No. 49584.**—Protest 84154–K of E. H. Bill Co., Inc. (Boston).

WALKER, Judge: This protest is directed against the assessment of duty at the rate of 25 percent ad valorem under the provisions of paragraph 1530 (c), Tariff Act of 1930, on certain goat or kid leather. The merchandise was entered as kid leather imported for use in the manufacture of boots and shoes, and duty at the rate of 10 percent ad valorem was paid on entry. The paragraph in question, so far as pertinent, reads as follows:

Leather (except leather provided for in subparagraph (d) of this paragraph), made from hides or skins of animals (including fish, reptiles, and birds, but not including cattle of the bovine species), in the rough, in the white, crust, or russet, partly finished, or finished, 25 per centum ad valorem; vegetable-tanned rough leather made from goat or sheep skins (including those commercially known as India-tanned goat or sheep skins), 10 per centum ad valorem; any of the foregoing if imported to be used in the manufacture of boots, shoes, or footwear, or cut or wholly or partly manufactured into uppers, vamps, or any forms or shapes suitable for conversion into boots, shoes, or footwear, 10 per centum ad valorem.

Paragraph 1530 (g) of the same Act provides that—

The Secretary of the Treasury shall prescribe methods and regulations for carrying out the provisions of this paragraph.

Pursuant to this authority the Secretary of the Treasury promulgated article 497 of the Customs Regulations of 1937, in force and effect at the time the merchandise at bar was imported. Under the provisions of that article an affidavit and a bond are required on entry, and proof of use of the leather in the manufacture of boots, shoes, or other footwear must be made within 3 years from the date of entry in order that liquidation, which is suspended pending such proof, may be made at the lower rate.

In the case at bar it appears that the importer received the leather on consignment as representative sales agents for the English exporter and it was to be sold on a commission basis. Upon endeavoring to sell the leather to the trade, it was found that no market existed therefor in the United States, and upon so advising the principals the latter requested that it be returned to them, which was done.

Under these circumstances, no proof of use in the manufacture of boots, shoes, or other footwear was submitted in connection with the leather in question, and the entry was liquidated at the higher rate, namely, 25 percent. Plaintiff is here attempting, apparently, to get back the difference between the 10 percent originally paid, and the 25 percent assessed and collected upon liquidation.

In *Herman Loewenstein v. United States*, 22 C. C. P. A. 433, T. D. 47425, the provision of the tariff law here in question was under discussion, and the court there held that in order to obtain the benefit of the reduced rate the leather must be actually used in the manufacture of boots, shoes, or footwear. For a well-considered treatment of the reasons for such conclusion, see the opinion in that case.

Under the authority of the *Loewenstein* case, it is clear that no relief may be afforded the plaintiff under paragraph 1530 (c), nor are we able to discover any other provision of the law to which the protest or proof conforms that would achieve the result desired by the plaintiff. Indeed, motion has been made by counsel for the defendant to dismiss the protest for failure to comply with the provisions of section 514 of the Tariff Act of 1930 in that it fails to set forth clearly and distinctly the specific objections of the party making it, or to indicate every particular of fact and law upon which it relies.

That motion is denied, but for the reasons above stated the protest is overruled. Judgment will issue accordingly.